UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ZIYAO JIANG,

Plaintiff.

1. 25-CV-10748
2. 26-CV-919
3. 26-CV-920
4. 26-CV-921
5. 26-CV-936

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

On June 9, 2025, the Court barred Plaintiff from filing any new civil action *in forma pauperis* ("IFP") without first obtaining from the court leave to file. *See Jiang v. North Shore Univ. Hosp*., No. 25-CV-3814 (LTS) (S.D.N.Y. June 11, 2025).[1]

The Court dismissed the five cases referenced above without prejudice because Plaintiff failed to comply with the June 9, 2025 bar order. Within days of the entry of the dismissal orders, Plaintiff filed one or more meritless motions in each case. *Jiang v. Picea,* No. 25-CV-10748 (S.D.N.Y. Jan. 9, 2026) (motion to freeze assets filed Jan. 10, 2026); *Jiang v. Veo*, No. 26-CV-919 (S.D.N.Y. Feb. 4, 2026) (motion for recusal filed Feb. 10, 2026); *Jiang v. Dentaquest*, No. 26-CV-920 (S.D.N.Y. Feb. 10, 2026) (motion for sanctions filed February 12, 2026); *Jiang v. Feng*, No. 26-CV-921 (S.D.N.Y. Feb. 5, 2026) (motion for recusal filed Feb. 10, 2026); *Jiang v.*

[1] The Court imposed additional filing restrictions on Plaintiff because he failed to heed the leave-of-court requirement and continued to bombard the Clerk's Office email system with frivolous filings. *See In re Jiang*, No. 26-CV-1076 (S.D.N.Y. Mar. 30, 2026).

*De*, No. 26-CV-936 (S.D.N.Y. Feb. 10, 2026) (motions for sanctions filed Feb. 12, 2026, and Feb 15, 2026).

By order dated July 20, 2026, the Court denied the motions and ordered Plaintiff to show cause why he should not be barred from filing further documents in any these cases, with the exception of documents directed to the Second Circuit.[2] *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). (*See, e.g.,* No. 25-CV-10748, ECF 12.)

Plaintiff submitted an "Answer to Order," but it does not set forth good cause why this injunction should not be imposed upon him.[3] (*See, e.g.* , No. 25-CV-10748, ECF 13.) Plaintiff alleges that these matters are on appeal, which is not the case. Even if they were, the Court has the power to restrict the litigation of abusive and vexatious litigants. *See Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) and citing the All Writs Act, 28 U.S.C. § 1651(a)).

Because Plaintiff has failed to show cause why he should not be barred from filing documents in any of the above-captioned cases, the bar order will therefore issue.

---

[2] Plaintiff is already under such an injunction in connection with sixteen other cases he filed in this court. *See In re Jiang*, No. 25-CV-3517 (LTS) (S.D.N.Y. Aug. 25, 2025) (barring Plaintiff from submitting any additional documents in the sixteen captioned cases with the exception of those directed to the Second Circuit).

[3] The Court directed Plaintiff to file one response to the order to show cause, in 25-CV-10748, and explained that it would consider it in connection with all of the cases captioned above. (No. 25-CV-10748, ECF 12 at 2.) ECF Plaintiff submitted the identical "Answer to Order" in all of the cases except for No. 26-CV-921. This bar order applies in all of the above-captioned cases.

## CONCLUSION

The Court bars Plaintiff, under 28 U.S.C. § 1651, from filing documents in any of the above-captioned cases, with the exception of documents directed to the Second Circuit. Should Plaintiff file new documents for the attention of this Court, the Court will review them, but will not act on them, and will terminate for statistical purposes, any that are consistent with his pattern of vexatious and frivolous litigation. Should Plaintiff file documents directed to the Second Circuit, the filings will be brought to the attention of the Second Circuit but this Court will take no further action on them.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 26, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge